DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that returned custody of appellant's three children to their mother and ordered that appellant have no contact with the children until further order of the court. For the reasons that follow, this court affirms the judgment of the trial court.
 {¶ 2} Appellant James K., father of Nichole, Raymond and Courtney K., sets forth the following assignment of error:
 {¶ 3} "A. The trial court's termination of the appellant's contact with his children is unjust and unreasonable."
 {¶ 4} Nichole, Raymond and Courtney were first removed from the home of their mother, Julie G., and placed in the temporary custody of appellee Lucas County Children Services Board ("LCCS") on May 4, 1999.[1]
Appellant and the children's mother are not now, and never have been, married. In approximately 1999, appellant began serving a seven-year prison sentence on a forgery conviction and he remains incarcerated at this time. After providing extensive case plan services to mother and the children for two years, LCCS moved the trial court on June 14, 2001 to terminate protective supervision. Following a hearing on the motion held on July 12, 2001, the magistrate ordered that the children be returned to their mother's custody and that appellant have no contact with the children until further order of the court.
 {¶ 5} On August 9, 2001, appellant filed a pro se petition requesting "reasonable communication" with the children and on November 7, 2001, he filed objections to the magistrate's order. The trial court denied appellant's motion for reasonable communication on November 7, 2001, finding that appellant should refile his motion upon his release from prison. On February 25, 2002, the trial court adopted the magistrate's decision. It is from that judgment that appellant appeals.
 {¶ 6} In support of his sole assignment of error, appellant asserts that the trial court failed to consider the factors set forth in R.C. 3109.015(D) for determining whether to grant parenting time to a parent.
 {¶ 7} We must first look to R.C. 3109.12(A), which provides that if a child is born to an unmarried woman, as in this case, the father may file a complaint requesting that the court grant him reasonable parenting time rights with the child. Division (B) of this section provides that the court may grant the parenting time rights requested under division (A) of the section if it determines that it is in the best interest of the child. In making such a determination, "the court shall consider all relevant factors, including, but not limited to, the factors set forth in division (D) of section 3109.051 * * * of the Revised Code." A thorough review of the trial court record, however, shows that appellant did not at any time prior to the July 12, 2001 hearing file a complaint requesting parenting time with Nichole, Raymond and Courtney. The record also reveals that appellant received notice of all proceedings in this case, including the July 12, 2001 hearing, but did not contact the court until August 9, 2001, when he filed his petition requesting "reasonable communication." Since appellant was not represented at the hearing, the trial court had no evidence before it that might have supported an order allowing appellant to have contact with the children while incarcerated. Further, the family's caseworker recommended that appellant have supervised visitation with the children upon his release from prison, and the children's guardian ad litem recommended that appellant not have any contact with the children until his release from prison.
 {¶ 8} Based on the foregoing, we find that the trial court did not abuse its discretion by ordering that appellant have no contact with the children until further order of the court and, accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 9} Upon consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., James R. Sherck, J., and Richard W. Knepper,J., CONCUR.
[1] Danielle G. is not appellant's child and is not the subject of this appeal.